Charles E. Shaffer, Esq. Town Attorney, Tyre
You have asked whether one person may simultaneously serve as clerk to a county board of supervisors and as a member of a board of assessment review in a town within the county.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency, An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We know of no statutory provision that prohibits this particular combination of positions. Nor do we see any inherent inconsistency in the two positions. A county legislative body has policy-making responsibilities and powers related to the assessment of real property (Real Property Tax Law, § 1532[4]), but a clerk to that body is not one who participates in making policy. A member of a town board of assessment review has no inherent conflict with the county government. Such conflicts as could arise would be in the form of discrete situations of a conflict of interest that could easily be avoided by not participating in determining whether to grant relief from the town assessment. Examples would be the rare situation where the county owned a parcel of taxable land or an appeal by a property owner who was a member of the county legislative body.
We conclude that the clerk of a country legislative body may also serve as a member of a town board of assessment review.